Filed 10/25/23  P. v. Morgans CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE, | D082100 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD132068) |
| KENNETH MORGANS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Affirmed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1999, Kenneth Morgans was sentenced to 25 years to life in prison following his conviction for sale of a controlled substance (Health and Saf. Code, § 11352, subd. (a)) with two true findings for strike priors (Pen. Code, § 667, subds. (b)-(i)).

Morgans appealed and this court affirmed the conviction but ordered the trial court to strike the stayed prison priors (§ 667.5, subd. (b)). (*People v. Morgans* (Mar. 10, 2000, D032805).)

In 2023, Morgans filed a petition for resentencing under sections 1172.7 and 1172.75. The trial court summarily denied the petition without appointing counsel. The court found Morgans was not eligible for resentencing on this record. The court's written order stated:

> "On March 27, 2023, Defendant filed a petition for resentencing pursuant to Penal Code [sections] 1172.7/1172.75 (Senate Bill 483). It appears defendant does not qualify for relief under Senate Bill 483, as the sentence in the . . . case[ ] is not currently enhanced by an eligible prison prior pursuant to Penal Code [section] 667.5(b) or an eligible prior drug conviction pursuant to Health & Safety Code [section] 11370.2 and is summarily denied. . . .

> "The court also notes there is no mechanism for the defendant to apply directly for relief, nor for the court to take action on its motion pursuant to Senate Bill 483. Penal Code [sections] 1172.7 and 1172.75 permit resentencing if the California Department of Corrections Rehabilitation (CDCR) identified a person in their custody as currently serving a prison term that includes an eligible prior. CDCR did not identify Defendant as such a person.

> "Defendant also seeks resentencing pursuant to Penal Code [section] 1172.1. The request for resentencing on those grounds is also summarily denied. Penal Code [section] 1172.1 permits the court to recall and resentence a defendant upon the recommendation of the California Department of Corrections and Rehabilitation (CDCR) or the Prosecution. There is nothing in the statute that permits the Defendant to petition the court directly. As such, this court has no jurisdiction to take any action as more than 120 days have passed since the original sentencing.

> "Based on the above, the request for resentencing is summarily denied. . . ."

Morgan filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as required by *Wende*. We offered Morgans the opportunity to file his own brief on appeal, but he has not responded.

We discussed the facts of the underlying offense in our earlier opinion. We will not repeat that discussion here. (*People v. Morgans*, *supra*, D032805.)

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified two possible issues that were considered in evaluating the potential merits of this appeal:

1. Whether Morgans' petition stated grounds for relief.

2. Whether the trial court's decision to deny the petition constituted prejudicial error.

We have reviewed the record for error consistent with the directions in *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Morgans on this appeal.

DISPOSITION

The order denying Morgans' petition for resentencing is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


CASTILLO, J.

4